UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

LANE DONOVAN RACETTE, *on behalf of*
*herself and all others similarly situated,*

    Plaintiff,

v.

FIRST FEDERAL CREDIT CONTROL, INC.
*an Ohio incorporated company,*

    Defendant.
_____/

## CLASS ACTION COMPLAINT AND JURY DEMAND

1.    Plaintiff, Lane Donovan Racette, ("Plaintiff") alleges violations of the *Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq*. ("*FDCPA*").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under the *Fair Debt Collection Practices Act*, pursuant to *15 U.S.C. §1692k*, and *28 U.S.C. § 1331*.

3.    Venue in this District is proper because Plaintiff resides here, and Defendant conducts business in this District.

## PARTIES

4.    Plaintiff is a natural person and a resident of the State of Florida residing in Saint Lucie County.

5.    Defendant, First Federal Credit Control, Inc., ("Defendant"), is an Ohio company engaged in the business of collecting consumer debts. Defendant operates from offices located at 24799 Chagrin Boulevard, Cleveland, Ohio 44122.

6. Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debts. Defendant is registered in the State of Florida as a consumer collection agency, license number CCA0900183.

7. Defendant regularly collects or attempts to collect consumer debts for other parties. Defendant is a "debt collector" as defined by the *FDCPA*.

8. At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect a consumer debt from Plaintiff arising from an alleged delinquency on a debt Plaintiff incurred from Ear, Nose and Throat Associates of South Florida. Defendant sought to collect from Plaintiff an alleged debt incurred by Plaintiff for personal, family, or household purposes.

10. On or about December 28, 2017, Defendant mailed or caused to be mailed to Plaintiff a letter seeking payment of the alleged debt. (The "Demand Letter" is attached hereto as "Exhibit 1.")

11. The Demand Letter stated in part:

> UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGEMENT AND MAIL YOU A COPY OF SUCH JUDGEMENT OR VERIFICATION.

12. *15 U.S.C. §1692g(a)* states:

> Validation of debts.

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period **that the debt, or any portion thereof, is disputed, the debt** collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(Emphasis added.)  The "Validation Notice."

13. *15 U.S.C. § 1692e(10)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

3

14. Pursuant to the *FDCPA*, Plaintiff is entitled to be provided accurate information from the Defendant regarding her debt and has a right to be provided the information required by *15 U.S.C. § 1692g(a)*.

15. Defendant's Demand Letter falsely and misleadingly pronounces the verification rights of Plaintiff provided by *15 U.S.C. § 1692g*. Defendant's statement "IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGEMENT AND MAIL YOU A COPY OF SUCH JUDGEMENT OR VERIFICATION." omits that the Plaintiff's written notification must dispute the debt or any portion thereof as stated in *15 U.S.C. § 1692g(a)(4)*.

16. Plaintiff has a right to the information prescribed by the Validation Notice and that right was taken from her by Defendant as the Validation Notice incorrectly pronounced the verification rights of *15 U.S.C. § 1692g(a)(4)*.

17. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS

18. This action is brought on behalf of a Class consisting of (i) all natural persons with addresses in the all persons with addresses in the Florida Counties that comprise the geographical boundaries of the United States District Court for the Southern District of Florida, namely Miami-Dade, Monroe, Broward, Palm Beach, Martin, Saint Lucie, Indian River, Okeechobee, and Highlands Counties (ii) to whom initial communication letters that contained the language: "IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A

COPY OF A JUDGEMENT AND MAIL YOU A COPY OF SUCH JUDGEMENT OR VERIFICATION." (iii) that were mailed, or caused to be mailed, by the Defendant (iv) and were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi) during the one-year period prior to the filing of this Complaint in this action.

19. Plaintiff alleges on information and belief, based upon the Defendant's use of the phrase: "IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGEMENT AND MAIL YOU A COPY OF SUCH JUDGEMENT OR VERIFICATION." in its initial communication letters served upon the Class, is so numerous that joinder of all members of the Class is impractical.

20. There are questions of law or fact common to the Class, which common issues predominate over any issues involving only individual Class members. The factual issue common to each Class member is that each was mailed, or caused to be mailed, an initial communication letter by Defendant that contained the phrase: "IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGEMENT AND MAIL YOU A COPY OF SUCH JUDGEMENT OR VERIFICATION."  The common principal legal issue is whether Defendant failed to provide to each member of the Class the correct validation notice required by *15 U.S.C. §1692g* after an "initial communication" by a debt collector.

21. Plaintiff's claims are typical of those of the Class members.  All are based on the same facts and legal theories.

22.     Plaintiff will fairly and adequately protect the interests of the Class. She has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

23.     Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24.     Plaintiff requests certification of a Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure*, for monetary damages; her appointment as Class Representative; and that her attorney Leo W. Desmond be appointed Class Counsel.

### COUNT I
### VIOLATION OF *15 U.S.C. §1692g(a)(4)*
### CLASS CLAIM AGAINST DEFENDANT

25.     Plaintiff incorporates Paragraphs 1 through 17.

26.     *15 U.S.C. §1692g(a)(4)* states after an initial communication the Defendant must provide Plaintiff with:

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

27.     Defendant mailed or caused to be mailed the Demand Letter to Plaintiff on behalf of Plaintiff's creditor in an attempt to collect a consumer debt.

6

28. Defendant's Demand Letter omits that the consumer, in order to receive the benefits provided by *15 U.S.C. §1692g(a)(4)*, must dispute the debt or any portion of the debt.

29. Defendant's statement "IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGEMENT AND MAIL YOU A COPY OF SUCH JUDGEMENT OR VERIFICATION." does not inform the least sophisticated consumer of what they need to notify the Defendant of, i.e. that they dispute the debt or any portion thereof.

30. Plaintiff is entitled to be given notice of her right to dispute the debt or a portion of her alleged debt pursuant to *15 U.S.C. §1692g(a)(4)*. Defendant has taken away such right by not correctly stating the statute in its Validation Notice to Plaintiff.

31. Defendant failed to inform Plaintiff and the Class of their right pursuant to *15 U.S.C. §1692g(a)(4)* to give a written dispute of the debt or a portion of the debt which would not only involve the protections provided to Plaintiff and the Class pursuant to *§1692g(a)(4)* but also pursuant to *§1692g(b)*.

32. By not providing to the Plaintiff and the Class the proper notice pursuant to *15 U.S.C. §1692g(a)(4)*, Defendant has caused damage to the Plaintiff and the Class by taking away their statutory right to receive the correct validation notice.

33. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

34. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k*.

## COUNT II
## VIOLATION OF *15 U.S.C. §1692e*
## **CLASS CLAIM AGAINST DEFENDANT**

35. Plaintiff re-alleges Paragraphs 1 through 17 and 26 through 32.

36. *15 U.S.C. §1692e* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

37. Defendant sent the Demand Letter to Plaintiff in connection with the collection of a consumer debt.

38. Defendant's Demand Letter omits that the consumer must despite the debt or dispute any portion of the debt, in writing despite the clear wording of *15 U.S.C. §1692g(a)(4)*.

39. Defendant's Demand Letter is a misstatement of *15 U.S.C. §1692g(a)(4)* that would be confusing and misleading to the least sophisticated consumer with regard to his/her legal rights as it omits to inform the Plaintiff (and the Class) that she (they) must dispute the debt, or any portion thereof, in writing in order to receive verification of the debt as well as the protections available pursuant to *15 U.S.C. §1692g(b)*. The Demand Letter could mislead the least sophisticated to believe that he/she could notify the Defendant of their inability to pay the debt and they would be afforded the protections of *15 U.S.C. § 1692g(a)(4)*.

40. Defendant's statement "IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGEMENT AND MAIL

YOU A COPY OF SUCH JUDGEMENT OR VERIFICATION." does not inform Plaintiff (or the Class) of what she (they) must notify Defendant of, i.e. that they must dispute the debt.

41. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

42. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## JURY DEMAND

Plaintiff demands a trial by jury.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

a. An Order certifying this matter as a Class action and appointment of Plaintiff as Class Representative as to all claims against Defendant;

b. An Order appointing Leo W. Desmond as Class Counsel;

c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k*;

d. An award of attorney's fees, litigation expenses and costs of the instant suit; and

e. Such other and further relief as the Court deems proper.

Dated: October 1, 2018

Respectfully submitted,

By:/s/ *Leo Desmond*
Leo W. Desmond, Esq.
Florida Bar No. 0041920

By: */s/ Sovathary Jacobson*
Sovathary K. Jacobson, Esq.
Florida Bar No. 0102200

DESMOND LAW FIRM, P.C.

9

5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile: 772.231.0300
lwd@desmondlawfirm.com
jacobson@desmondlawfirm.com
*Attorneys for Plaintiff*